UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

NUBIA PADILLA

    Plaintiff,
vs.

DJJ RESTAURANT CORP., a Florida Corporation
d/b/a EL NOVILLO RESTAURANT, and THE
GRAHAM COMPANIES, a Florida
Corporation,

    Defendants.
_____/

COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff, NUBIA PADILLA. (hereinafter the "Plaintiff") through their undersigned counsel, hereby files this complaint and sues DJJ RESTAURANT CORP., a Florida Corporation d/b/a EL NOVILLO RESTAURANT, and THE GRAHAM COMPANIES, a Florida Corporation (hereinafter, collectively, referred to as "the Defendants"), for declaratory and injunctive relief, attorney's fees, expenses, and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12181 et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

JURISDICTION AND VENUE

    1.    This Court is vested with original jurisdiction over this over the action pursuant to 28 U.S.C. §1331 and §343 for Plaintiff's claims arising under Title 42 U.S.C. §12181 et. seq., based on Defendant's violations of Title III of the Americans With Disabilities Act (hereinafter referred to as the "ADA"). See Also 28 U.S.C. §2201 and §2202.

    Venue is proper in this Court, Southern Division pursuant to 28 U.S.C. §1391(B) and rule 3.1 Local Rules of the United States District for the Southern

1

District of Florida in that all the events giving rise to the lawsuit occurred in Miami-Dade County, Florida.

## PARTIES

2.  Plaintiff, NUBIA PADILLA is a resident of the State of Florida. At the time of Plaintiff's visit to EL NOVILLO RESTAURANT, and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA, and required use of a wheelchair for mobility. The Plaintiff personally visited EL NOVILLO RESTAURANT, but was denied full and equal access, and full and equal enjoyment of the facilities, services, goods, and amenities within EL NOVILLO RESTAURANT, which is the subject of this suit.

3.  Defendant, DJJ RESTAURANT CORP., is a Florida Corporation d/b/a EL NOVILLO RESTAURANT which is authorized to conduct and which is in fact conducting business within the State of Florida. Upon information and belief, DJJ RESTAURANT CORP., a Florida corporation is the, lessee and/or operator of the real property (hereinafter the "Subject Facility") and the owner of the improvements where the Subject Facility which is the subject of this suit is located, at 15450 NEW BARN ROAD, MIAMI LAKES, FLORIDA. Upon information and belief THE GRAHAM COMPANIES, a Florida Corporation, is the owner and lessor of the real property where the Subject Facility is located which is the subject of this action, the restaurant commonly referred to as EL NOVILLO RESTAURANT, located at 15450 NEW BARN ROAD, MIAMI LAKES, FLORIDA (hereinafter and heretofore the "Subject Facility") which also maintains and controls the subject real property.

4.  All events giving rise to this lawsuit occurred in the State of Florida, Miami-Dade County. Venue is proper in this court.

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

5.  Plaintiff adopts and realleges the allegations stated in paragraph 1 through 5 of this complaint as if fully stated herein.

6.     On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq.  Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992 or January 26, 1993 if Defendant has ten(10) or fewer employees and gross receipts of $500,000 or less. See 42 U.S.C. §12181; 28 C.F.R. §36.508(a).

7.     Congress found, among other things, that:

>    (i)    some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;
>
>    (ii)   historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;
>
>    (iii)  discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;
>
>    (iv)   individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,
>
>    (v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

8. Congress explicitly stated that the purpose of the ADA was to:

    a. provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    b. provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    c. invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

U.S.C. §12101(b)(1)(2) and (4).

9. Pursuant to 42 U.S.C. §12181(7) and 28 CFR §36.104, EL NOVILLO RESTAURANT is a place of public accommodation covered by the ADA by the fact that it is a restaurant which provides food, beverage, and service to the general public, and must be in compliance therewith. The building and/or Subject Facility which is a subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

10. The Defendants have discriminated, and continue to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations located at 15450 NEW BARN ROAD, MIAMI LAKES, FLORIDA as prohibited by 42 U.S.C. §12182 and 42 U.S.C. §12101 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv).

11. Plaintiff has visited the Subject Property, and has been denied full and safe equal access to the facilities and therefore suffered an injury in fact.

12. Plaintiff desires to visit the Subject Property in the future, but is precluded from visiting and therefore continues to suffer from discrimination and injury due to the architectural barriers which are in violation of the ADA.

13. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal

Regulations to implement the requirements of the ADA See 28 CFR §36. ADA Accessibility guidelines (hereinafter referred to as "ADAAG), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

  14. The Defendants are in violation of 42 U.S.C. §12181 et.seq. and 28 C.F.R. 36.302 et. seq., and is discriminating against the Plaintiffs as a result of inter alia, the following specific violations:

  a. Failure to provide the minimum adequate number of accessible handicap spaces at the Subject Facility that comply with the requirements of 28 C.F.R. Part 36, Section 4.6.3, and are located on the shortest route of travel from adjacent parking to the Subject Facility as required by 28 C.F.R. Part 36, Section 4.6.2, as well as compliant pathway from said handicap spaces to the Subject Facility's entrance.

  b. Failure to provide one in every eight accessible spaces, minimum of not less than one, with an accessible 8' wide, with "Van Accessible" designation, in violation of 28 C.F.R. Part 36, Sections 4.6.4 and 4.1.2(5)(b).

  c. Failure to provide an adequate, compliant pathway from accessible parking spaces to Subject Facility, located on the shortest route of travel from said accessible spaces to the Subject Facility, in violation of 28 C.F.R. Part 36, Section 4.6.2.

  d. Failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4.

  e. Failure to provide adequate directional and accurate informational signage throughout Subject Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16).

  f. The Failure to provide the required ADA compliant informational signage at the emergency exits located in the Subject Facility, in violation of 28 C.F.R. Part 36.

  g. Failure to provide proper required accessible signage at inaccessible routes informing person with disabilities of an accessible route as required by 28 C.F.R. Part 36, Section 4.1.2(7).

h. Failure to provide adequate accessibility signage for the designated restroom handicap stall in accordance with 28 C.F.R. Part 36, Section 4.1.2(7)(d).

i. Failure to provide accessible door hardware in the restroom entrance/exit that can be opened with a closed fist in violation of 28 C.F.R. Part 36, Section 4.23.9.

j. Failure to provide a paper towel dispenser at an accessible height as required by 28 C.F.R. Part 36, Section 4.2.

k. Failure to provide at least 17 inches depth clearance under lavatory as required by 28 C.F.R. Part 36, Section 4.19.2.

l. Failure to provide a soap dispenser at an accessible height as required by 28 C.F.R. Part 36, Section 4.2.

m. No accessible tables/seating along the windows (only fixed booths tables), in violation of 28 C.F.R. Part 36, Section 4.32.4.

n. Failure to provide a stable, slip resistant pathways in Subject Facility due to dangerous conditions of non-attached carpet in violation of 28 C.F.R. Part 36, Section 4.5.3.

o. Failure to provide accessible toilet flushing controls in violation of 28 C.F.R. Part 36.

p. Hostess stand in Subject Facility is at an inaccessible height, in violation of 28 C.F.R. Part 36.

q. The bar/serving counter located in Subject Facility is higher than 36 inches above the finished floor in violation of the requirements of 28 C.F.R. Part 36, Section 5.2 which requires a maximum height of the counter, or a 60 inch wide section of it, to be 34 inches maximum height.

15. Upon information and belief, there are other current violations of the ADA at EL NOVILLO RESTAURANT. And only upon a full inspection can all violations be identified. Accordingly, a complete list of violations will require an on-site inspection by Plaintiff's representatives pursuant to Rule 34b of the Federal Rules of Civil Procedure.

16. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate

compliance with the provisions of the ADA.

17. Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 C.F.R. §36.304, Defendants were required to make the restaurant a place of public accommodation, accessible to persons with disabilities by January 28, 1992 as of this date, Defendants have failed to comply with this mandate.

18. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiffs are entitled to have its reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C. §12205.

19. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against the Defendants and requests the following injunctive and declaratory relief:

a. That this Honorable Court declares that the Subject Property and Subject Facility owned, operated and/or controlled by the Defendants are violative of the ADA.

b. That this Honorable Court enter an Order requiring Defendants to alter its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA.

c. That this Honorable Court enter an Order directing the Defendants to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Subject Facility;

d. That this Honorable Court award reasonable attorney's fees, all

   costs(including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

e.  That this Honorable Court award such other and further relief as it deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

Dated this 22ND day of MARCH, 2010.

   Respectfully submitted,


   By: s/Ronald Stern
    Ronald E. Stern, Esq.
    Florida Bar No. 10089
    THE ADVOCACY LAW FIRM, P.A.
    Attorney for Plaintiff
    131 NE First Avenue, Suite 105
    Hallandale Beach, Florida 33009
    Telephone:   (305) 677-2378
    Facsimile:    (305) 359-5338
    Attorney for Plaintiff, NUBIA PADILLA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

NUBIA PADILLA

    Plaintiff,

vs.

DJJ RESTAURANT CORP., a Florida Corporation
d/b/a EL NOVILLO RESTAURANT, and THE
GRAHAM COMPANIES, a Florida
Corporation,

    Defendants.

_____/

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 22nd day of March, 2010, I electronically filed the Complaint and Demand for Jury Trial along with a Summons for each Defendant with the Clerk of Court using CM/ECF. I also certify that the aforementioned documents are being served on all counsel of record, corporations, or pro se parties identified on the attached Service List in the manner specified via Service of Process by an authorized Process Server, and that all future pleadings, motions and documents will be served either via transmission of Notices of Electronic Filing generated by CM/ECF or Via U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                      By: S/ Ronald E. Stern
                                      Ronald E. Stern, Esq.
                                      Florida Bar No. 10089
                                      THE ADVOCACY LAW FIRM, P.A.
                                      Attorney for Plaintiff
                                      131 NE First Avenue, Suite 105
                                      Hallandale Beach, Florida 33009
                                      Telephone:   (305) 677-2378
                                      Facsimile:    (305) 359-5338
                                      Attorney for Plaintiff, NUBIA PADILLA

## SERVICE LIST:

NUBIA PADILLA  vs. DJJ RESTAURANT CORP., a Florida Corporation d/b/a EL NOVILLO RESTAURANT and THE GRAHAM COMPANIES, a Florida Corporation
CASE NO:
United States District Court, Southern District Of Florida

DJJ RESTAURANT CORP. a Florida corporation
d/b/a EL NOVILLO RESTAURANT
REGISTERED AGENT:

RASKOSKY, DAVID
15450 NEW BARN RD
MIAMI LAKES, FL 33014
VIA PROCESS SERVER

THE GRAHAM COMPANIES, a Florida Corporation
REGISTERED AGENT:

WYLLIE, STUART S
6843 MAIN ST.
MIAMI LAKES FL 33014
VIA PROCESS SERVER